ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2009 JUL 29 AM 9: 57

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JAMES MACK GARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 309-038 |
| ) | |
| LARRY BUTTS, in his individual and ) | |
| official capacities, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Johnson State Prison ("JSP"), in Wrightsville, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I.  **SCREENING THE COMPLAINT**

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names Larry Butts as the only Defendant in this case. (Doc. no. 1, pp. 2, 5). According to Plaintiff, while he was incarcerated at JSP, Defendant Butts violated his First Amendment rights concerning his freedom to practice his religion. Plaintiff, a practicing Catholic, asserts

that Defendant Butts removed Plaintiff's Rosary from his neck and told Plaintiff that he was not allowed to have a necklace while in isolation. (Id. at 6). Plaintiff explained to Defendant Butts the purpose of a Rosary and expressed that Catholicism is a recognized religion. However, Defendant Butts did not return the Rosary. (Id.). Plaintiff seeks monetary and injunctive relief. (Id. at 8).

## II. DISCUSSION

Plaintiff has attempted to sue Defendant Butts in his official and individual capacities for monetary damages. However, the Eleventh Amendment bars official capacity claims against state prison officials for monetary damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). In this case, Plaintiff's allegations relate to actions undertaken by Defendant while performing functions as a state prison official. Therefore, Plaintiff's official capacity claim for monetary damages is not cognizable and should be dismissed.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's official capacity claim against Defendant Butts for monetary damages be **DISMISSED** from this case.[1]

SO REPORTED and RECOMMENDED on this 27th day of July, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] In a simultaneously filed Order, the Court has directed that service of process be effected on Defendant Butts concerning Plaintiff's First Amendment claim concerning his freedom to practice religion.